In 1992, appellant Booker T. Dickason was indicted by the Stark County Grand Jury with one count of Rape. The case proceeded to jury trial in the Stark County Common Pleas Court. The jury found appellant guilty of Rape. Appellant was convicted, and sentenced to an indeterminate term of incarceration of eight to twenty-five years. The judgment of the conviction and sentence was affirmed by this court on direct appeal. State v. Dickason (March 28, 1994), Stark App. No. CA-9362, unreported.
On January 1, 1997, House Bill 180 became effective. This legislation restructured R.C. 2950, governing the registration of certain sex offenders. Pursuant to the provisions of R.C. 2950, the warden of the prison where appellant was incarcerated recommended that appellant be classified as a sexual predator. In September of 1997, the trial court conducted a hearing pursuant to R.C. 2950.09, following which the court found appellant to be a sexual predator.
Appellant filed a direct appeal from the court's finding that he was a sexual predator. The finding was affirmed by this court. State v. Dickason (February 8, 1999), Stark App. No. 1997-CA-00370, unreported.
During the pendency of the appeal from the trial court's sexual predator finding, appellant filed a motion to vacate the prior adjudication, and to reclassify his status. The trial court overruled the motion.
Appellant assigns three errors on appeal of the court's denial of his motion to vacate:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY FAILING TO VACATE THE PRIOR ADJUDICATION AGAINST THE MANIFEST WEIGHT OF EVIDENCE AND LEGISLATIVE INTENT UNDER OHIO REVISED CODE, CHAPTER 2950 AS AMENDED.
 II. THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY FAILING TO ORDER THE PSYCHOLOGICAL REPORT FROM THE INSTITUTION TO DETERMINE APPELLANT'S MOTION.
 III. THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY CONSIDERING ERRANT INFORMATION AND FACTS TO BUTTRESS ITS FINDING THAT APPELLANT IS A SEXUAL PREDATOR.
 I
Appellant argues that the court's judgment overruling his motion to vacate the prior sexual predator adjudication is against the manifest weight of the evidence. A judgment supported by some competent, credible evidence going to all the elements of the case will not be reversed by a reviewing court as against the weight of the evidence. C.E. Morris Company v.Foley Construction Company (1978), 54 Ohio St.2d 279.
Upon expiration of the statutory time period, an offender who has been adjudicated a sexual predator may petition the court to obtain an entry stating that the offender is no longer a sexual predator. R.C. 2950.09(D). The trial court may not change its prior classification unless the court determines by clear and convincing evidence that the offender is unlikely to commit a sexually-oriented offense in the future. R.C. 2950.09 (D)(1).
In the instant case, appellant relied on a psychological evaluation by prison authorities, arguing that the evaluation placed him at low risk of reoffending. The evaluation states:
 Based on the results of the screening assessment performed on or about 09-04-1998, we are recommending that you not participate in any additional sex offender programming prior to your release. This recommendation is based on an objective assessment of several factors which research shows indicate the likelihood of future offenses. While you probably would benefit from additional programming, limitations in resources make it necessary to prioritize cases. Compared with other applicants, your screening results placed you in the lower risk category. Therefore, we have assigned a lower priority to your case for programming beyond Education which you completed on 07-01-1998.
Contrary to appellant's claim, the evaluation does not make a finding that appellant is at low risk to commit future crimes. The assessment finds that appellant probably would benefit from additional therapy; however, limitations on the number of participants requires appellant's case to be re-prioritized to a "lower," as opposed to a "low," risk category. Compared with other applicants for the programs, appellant is at a lower risk to re-offend. This classification does not demonstrate that he is unlikely to commit an offense in the future.
As appellant did not present clear and convincing evidence to the trial court that he is no longer a sexual predator as defined by R.C. 2950.01 (E), the court did not err in overruling appellant's motion to vacate. The first assignment of error is overruled.
 II
Appellant argues that the court should have sua sponte
ordered the complete psychological report from the prison authorities.
First, it is appellant's burden to submit clear and convincing evidence that he is no longer a sexual predator. The trial court is under no obligation to investigate, obtain, and present evidence on behalf of appellant. Further, the assessment does not make findings relative to appellant's likelihood to reoffend, as discussed in assignment of error I above. In addition, assuming that appellant had been classified as at low risk to re-offend by the director of one of the prison sex offender programs, such a finding would not be binding on the trial court. The court must still balance such evidence against the evidence presented in the original hearing that appellant is a sexual predator.
Appellant has not demonstrated that the court erred in failing to sua sponte order the complete psychological report prepared by prison authorities. The second assignment of error is overruled.
 III
Appellant argues that in the original sexual predator finding, the court incorrectly found that the case involved a force specification. Appellant's opportunity to challenge the legality of this ruling was in his initial appeal from the sexual predator finding. The issue is therefore res judicata.
In addition, the mistake is immaterial to the ultimate ruling of the court. The court found that appellant had "acted with cruelty toward the victim." The evidence in the record of the original trial supported this finding.
The third assignment of error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur.
-------------------------
-------------------------
 ------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed.
-------------------------
-------------------------
 ------------------------- JUDGES